THOMAS V. GIRARDI, CA Bar Number 36603
tgirardi@girardikeese.com
VINCENT J. CARTER, CA Bar Number 208899
vcarter@girardikeese.com
GIRARDI │ KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone:  (213) 977-0211
Facsimile:   (213) 481-1554
Attorneys for Plaintiffs

FILED
CLERK, U.S. DISTRICT COURT

4/11/2013

CENTRAL DISTRICT OF CALIFORNIA
BY:___DP_____DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:  NEXIUM (ESOMEPRAZOLE) PRODUCTS LIABILITY LITIGATION<br><br>"ALL CASES" | Case No.  12-ml-2404 DSF (SSx)<br><br>**MASTER COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This Master Complaint is submitted to serve the administrative functions of efficiency and economy and to present certain common facts and claims in the context of this Multidistrict proceeding.   This Master Complaint is filed with Plaintiffs' full reservation of their right to amend same in accordance with the rules of procedure or with leave of Court.

**MASTER COMPLAINT**                    **Case No.  CV12-05046 DSF SS(x)**

Plaintiffs bring this action against Defendants ASTRAZENECA PHARMACEUTICALS LP, ("AstraZeneca"), and MCKESSEON CORPORATION (collectively "Defendants). Plaintiffs seek compensatory and punitive damages for the injuries they suffered as a result of taking Nexium, a drug designed, manufactured, marketed, distributed and sold by Defendants.

## JURISDICTION

The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) as the amount in controversy exceeds $75,000, excluding interest and costs. This Federal Court sitting in diversity may exercise personal jurisdiction over Defendants under the California long arm statute, California Code of Civil Procedure §410.10, which permits jurisdiction over a person to the full extent of the due process clause of the United States Constitution. Venue is proper in this Court pursuant to the December 6, 2012, Transfer Order of the Judicial Panel on Multidistrict Litigation.

Plaintiffs hereby allege as follows:

## PARTIES

1.     Plaintiffs are individuals who ingested Nexium, suffered injuries as a result thereof and currently reside in, and are citizens of, most or all of the states in the United States.

2.     Defendant ASTRAZENECA PHARMACEUTICALS LP ("AstraZeneca") is, and at all times relevant to this action was, a Delaware corporation with its corporate headquarters in Wilmington, Delaware. AstraZeneca is, and at all times relevant to this action was, registered to do business in California with the California Secretary of State.

3.     Defendant McKesson Corporation ("McKesson") is a wholesale distributor of all AstraZeneca pharmaceutical products, including Nexium, and marketed, sold, and distributed the Nexium which was ingested by the Plaintiffs.

4.     Plaintiffs are informed and believe and thereon allege that at all times mentioned, each Defendant was the agent and employee of each other Defendant, and in

doing the things alleged was acting within the course and scope of such agency and employment and with each other Defendant's actual and implied permission, consent, authorization, and approval.

5.    At all times relevant hereto, Defendants were engaged in the business of developing, designing, licensing, manufacturing, distributing, selling, marketing, and introducing the proton pump inhibitor drug Nexium into interstate commerce throughout the United States, including the State of California and every other state, either directly or indirectly through third parties, subsidiaries, or other related entities.

6.    Plaintiffs and each of them have ingested Nexium as a direct and proximate result of Defendants' development, design, licensure, manufacture, distribution, sale, and marketing of Nexium throughout the United States, including but not limited to the state of California.

7.    As a further direct and proximate result of their ingestion of Nexium, Plaintiffs have suffered severe injuries to their persons, including, but not limited to, the development of bone deterioration, osteoporosis, and fractures, which have caused them to incur substantial damages.

## NEXIUM

8.    Defendants sold Nexium with National Drug Code (NDC) numbers 0186-5020, 0186-5022, 0186-5040, 0186-5042, 0186-40100186-4020, and 0186-4040.

9.    Nexium (esomeprazole magnesium) is a prescription proton pump inhibitor (PPI) that works by reducing hydrochloric acid in the stomach.

10.    The current FDA-approved indications for Nexium are as follows:

**Treatment of Gastroesophageal Reflux Disease (GERD)**

NEXIUM is indicated for the short-term treatment (4 to 8 weeks) in the healing and symptomatic resolution of diagnostically confirmed erosive esophagitis. For those patients who have not healed after 4 to 8 weeks of treatment, an additional 4 to 8 week course of NEXIUM may be considered.

3

**MASTER COMPLAINT**                    **Case No.  CV12-05046 DSF SS(x)**

doing the things alleged was acting within the course and scope of such agency and employment and with each other Defendant's actual and implied permission, consent, authorization, and approval.

5.     At all times relevant hereto, Defendants were engaged in the business of developing, designing, licensing, manufacturing, distributing, selling, marketing, and introducing the proton pump inhibitor drug Nexium into interstate commerce throughout the United States, including the State of California and every other state, either directly or indirectly through third parties, subsidiaries, or other related entities.

6.     Plaintiffs and each of them have ingested Nexium as a direct and proximate result of Defendants' development, design, licensure, manufacture, distribution, sale, and marketing of Nexium throughout the United States, including but not limited to the state of California.

7.     As a further direct and proximate result of their ingestion of Nexium, Plaintiffs have suffered severe injuries to their persons, including, but not limited to, the development of bone deterioration, osteoporosis, and fractures, which have caused them to incur substantial damages.

## NEXIUM

8.     Defendants sold Nexium with National Drug Code (NDC) numbers 0186-5020, 0186-5022, 0186-5040, 0186-5042, 0186-40100186-4020, and 0186-4040.

9.     Nexium (esomeprazole magnesium) is a prescription proton pump inhibitor (PPI) that works by reducing hydrochloric acid in the stomach.

10.    The current FDA-approved indications for Nexium are as follows:

**Treatment of Gastroesophageal Reflux Disease (GERD)**

NEXIUM is indicated for the short-term treatment (4 to 8 weeks) in the healing and symptomatic resolution of diagnostically confirmed erosive esophagitis. For those patients who have not healed after 4 to 8 weeks of treatment, an additional 4 to 8 week course of NEXIUM may be considered.

3

**MASTER COMPLAINT**                              **Case No.  CV12-05046 DSF SS(x)**

In infants 1 month to less than 1 year, NEXIUM is indicated for short-term treatment (up to 6 weeks) of erosive esophagitis due to acid-mediated GERD.

**Maintenance of Healing of Erosive Esophagitis**

NEXIUM is indicated to maintain symptom resolution and healing of erosive esophagitis. Controlled studies do not extend beyond 6 months.

**Symptomatic Gastroesophageal Reflux Disease**

NEXIUM is indicated for short-term treatment (4 to 8 weeks) of heartburn and other symptoms associated with GERD in adults and children 1 year or older.

. . .

**Risk Reduction of NSAID-Associated Gastric Ulcer**

NEXIUM is indicated for the reduction in the occurrence of gastric ulcers associated with continuous NSAID therapy in patients at risk for developing gastric ulcers. Patients are considered to be at risk due to their age ( $\geq 60$ ) and/or documented history of gastric ulcers. Controlled studies do not extend beyond 6 months.

. . .

**H. pylori Eradication to Reduce the Risk of Duodenal Ulcer Recurrence**

Triple Therapy (NEXIUM plus amoxicillin and clarithromycin): NEXIUM, in combination with amoxicillin and clarithromycin, is indicated for the treatment of patients with *H. pylori* infection and duodenal ulcer disease (active or history of within the past 5 years) to eradicate *H. pylori*. Eradication of *H. pylori* has been shown to reduce the risk of duodenal ulcer recurrence[ ].

. . .

4

**Pathological Hypersecretory Conditions Including Zollinger-Ellison Syndrome**

NEXIUM is indicated for the long-term treatment of pathological hypersecretory conditions, including Zollinger-Ellison Syndrome.

11.   During the period in which Nexium has been sold in the United States, hundreds of reports of injury have been submitted to the FDA in association with ingestion of Nexium and other PPIs.

12.   As early as 2006, studies had indicated that PPI drugs, by reducing the amount of hydrochloric acid in the stomach, interfere with the absorption of calcium and magnesium, which causes bone deterioration, decreased bone density, and leads to severe fractures. Numerous studies have found that the risk of fracture is significantly increased for those patients over fifty (50) years of age who took a prescription-strength PPI like Nexium, or who took any PPI regularly for more than one (1) year. Specifically, the use of PPIs increases the risk of fractures in women up to 34 percent.  Defendants were aware of the foregoing studies and risks prior to 2006.

13.   On May 25, 2010, the FDA mandated that manufacturers of PPIs, including Defendants, include safety information and warnings about the increased risk of osteoporosis and fractures associated with PPI use.

14.   On March 22, 2011, the FDA issued a safety alert warning that the use of prescription PPIs, including Nexium, results in an increased risk of fractures.

15.   Defendants knew or should have known about the correlation between the use of Nexium and the significantly increased risk of bone density loss, osteoporosis, and fractures.

16.   Nexium is AstraZeneca's largest-selling drug and, in the world market, the third largest-selling drug overall. In 2005, AstraZeneca's sales of Nexium exceeded $5.7 billion dollars. In 2008, Nexium sales exceeded $5.2 billion dollars. Despite clear knowledge that Nexium causes bones to deteriorate and break, Defendants continued to

5

1  market and sell Nexium without warning consumers or healthcare providers of the

2  significant risks of bone deterioration and fractures.

3       17.   Defendants' strategy beginning in the 1990's has been to aggressively market

4  and sell these products by falsely misleading potential users about the products and by

5  failing to protect users from serious dangers which Defendant knew or should have known

6  to result from use of these products.

7       18.   Defendants widely and successfully marketed Nexium in the United States, by

8  undertaking an advertising blitz extolling the virtues of Nexium in order to induce

9  widespread use of the products.

10      19.   The marketing campaign consisted of advertisements, promotional literature

11  to be placed in the offices of doctors and other healthcare providers, and other promotional

12  materials provided to potential Nexium users.

13      20.   The advertising program, as a whole, sought to create the image, impression

14  and belief by consumers and physicians that the use of Nexium was safe for human use,

15  had fewer side effects and adverse reactions than other proton pump inhibitor and would

16  not interfere with daily life, even though the Defendants knew these to be false, and even

17  though the Defendants had no reasonable grounds to believe them to be true.

18      21.   Defendants and each of them purposefully downplayed and understated the

19  health hazards and risks associated with Nexium.  Defendants, through promotional

20  literature, deceived potential users of Nexium by relaying positive information, including

21  testimonials from satisfied users, and manipulating statistics to suggest widespread

22  acceptability, while downplaying the known adverse and serious health effects.

23  Defendants concealed material relevant information from potential Nexium users and

24  minimized user and prescriber concern regarding the safety of Nexium.

25      22.   In particular, in the materials produced by Defendants, Defendants falsely

26  misrepresented the severity, frequency and nature of adverse health effects caused by

27  Nexium, and falsely represented that adequate testing had been conducted concerning

28  Nexium.

6

MASTER COMPLAINT                    Case No.  CV12-05046 DSF SS(x)

23.     As a result of the Defendants' advertising and marketing efforts, and representations concerning the subject products, the drugs were, and continue to be, pervasively prescribed throughout the United States.

24.     Plaintiffs all consumed Nexium at various points in time and have been diagnosed with various problems, including but not limited to the development of bone deterioration, osteoporosis, and fractures.

25.     Plaintiffs were not and could not reasonably have been aware of these adverse effects of taking Nexium until sometime after the FDA issued its first warning on May 25, 2010.

26.     Defendants, through their affirmative misrepresentations and omissions, actively concealed from Plaintiffs and Plaintiffs' healthcare providers the true and significant risks associated with taking Nexium.

27.     As a result of Defendants' actions, Plaintiffs and their prescribing physicians were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiffs had been exposed to the risks identified in this Master Complaint, and that those risks were the result of Defendants' acts, omissions, and misrepresentations.

28.     Accordingly, no limitations period ought to accrue until such time as Plaintiffs knew or reasonably should have known of some causal connection between Plaintiffs' ingestion of Nexium and the harm Plaintiffs suffered as a result.

29.     Additionally, the accrual and running of any applicable statute of limitations has been tolled by reason of Defendants' fraudulent concealment.

30.     Additionally, Defendants are equitably estopped from asserting any limitations defense by virtue of their fraudulent concealment and other misconduct as described.

31.     Additionally, the limitations period ought to be tolled under principles of equitable tolling.

/ / /

/ / /

7

**MASTER COMPLAINT**                    **Case No.  CV12-05046 DSF SS(x)**

## FIRST CLAIM FOR NEGLIGENCE

### (All PLAINTIFFS against All DEFENDANTS)

32.    Plaintiffs re-allege each and every previous paragraph and incorporate them herein by reference as though set forth in full.

33.    Defendants owed various duties to Plaintiffs, foreseeable users of Defendants' product, including using due care in the development, design, licensure, manufacture, labeling, distribution, sale, and marketing of Nexium.

34.    Defendants breached these duties and were negligent by (a) failing to use ordinary care in manufacturing a safe product for the ultimate user; (b) failing to inspect, supervise, and/or carry out health and safety inspections of Nexium; (c) failing to adequately warn foreseeable ultimate users of potentially harmful side effects associated with their product, including but not limited to the risk of developing bone degeneration, osteoporosis, and/or severe fractures; (d) failing to use ordinary care in labeling and selling a safe product to the ultimate user; and (e) failing to adequately advise foreseeable ultimate users on how to properly use Nexium.

35.    Defendants' acts and omissions directly and proximately caused Plaintiffs' injuries and damages, as described above in more detail.

## SECOND CLAIM FOR NEGLIGENT MISREPRESENTATION

### (All PLAINTIFFS against All DEFENDANTS)

36.    Plaintiffs re-allege each and every previous paragraph and incorporate them herein by reference as though set forth in full.

37.    Defendants, in the course and scope of their business, made representations and supplied false or misleading information to Plaintiffs for the purpose of inducing Plaintiffs to purchase and use Nexium.

38.    Defendants failed to exercise reasonable care and competence in obtaining and communicating information to Plaintiffs by: (a) failing to properly disclose the harmful side effects of the Nexium that was sold to Plaintiffs, including but not limited to the risk of developing bone degeneration, osteoporosis, and/or severe fractures; (b) failing to

8

**MASTER COMPLAINT**                     **Case No.  CV12-05046 DSF SS(x)**

adequately and properly explain the proper instructions, procedures, and protocol for taking Nexium; and (c) failing to disclose to healthcare professionals and patients the clinical evidence, approved indications, and product safety profiles regarding Nexium, as described above.

39.     Plaintiffs justifiably relied on representations made by Defendants.

40.     Plaintiffs' injuries and damages were a direct and proximate result of their justifiable reliance on Defendants' negligent misrepresentations.

## THIRD CLAIM FOR NEGLIGENCE PER SE

### (All PLAINTIFFS against All DEFENDANTS)

41.     Plaintiffs re-allege each and every previous paragraph and incorporate them herein by reference as though set forth in full.

42.     At all times herein mentioned, Defendants had an obligation not to violate the law, including the Federal Food, Drug and Cosmetic Act and the applicable regulations, in the manufacture, design, formulation, compounding, testing, production, processing, assembling, inspection, research, promotion, advertising, distribution, marketing, promotion, labeling, packaging, preparation for use, consulting, sale, warning, and post-sale warning and other communications of the risks and dangers of Nexium.

43.     By reason of their conduct as alleged herein, Defendants violated provisions of statutes and regulations, including, but not limited to, the following:

a. Defendants violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 331 and 352, by misbranding Nexium;

b. Defendants failed to follow the "[g]eneral requirements on content and format of labeling for human prescription drugs" in violation of 21 C.F.R. § 201.56;

c. Defendants failed to follow the "[s]pecific requirements on content and format of labeling for human prescription drugs" in violation of 21 C.F.R. § 201.57; and

d. Defendants advertised and promoted Nexium in violation of 21 C.F.R. § 202.1; and

9

e. Defendants violated 21 C.F.R. § 201.57(e) by failing to timely and adequately change the Nexium label to reflect the evidence of an association between Nexium and the serious physical adverse events suffered by Plaintiffs.

These statutes and regulations impose a standard of conduct designed to protect consumers of drugs, including Plaintiffs. Defendants' violations of these statutes and regulations constitute negligence per se.

## FOURTH CLAIM FOR FRAUD

### (All PLAINTIFFS against All DEFENDANTS)

44. Plaintiffs re-allege each and every previous paragraph and incorporate them herein by reference as though set forth in full.

45. Defendants heavily marketed Nexium in the United States by engaging in an extensive advertising and marketing campaign designed to increase sales of Nexium.

46. In so doing, Defendants made material false representations and omissions as to the side effects, adverse effects, and overall safety of Nexium, including material false representations and omissions concerning the risk of developing bone degeneration, osteoporosis, and/or severe fractures, despite knowledge that studies had made findings contrary to and concerning these representations and omissions.

47. Defendants intentionally and recklessly misrepresented that Nexium was a safe product by making affirmative representations and omitting material information concerning its safety risks, including but not limited to the risk of developing bone degeneration, osteoporosis, and/or severe fractures, with knowledge of the falsity or in conscious disregard of the truth or falsity of the affirmative representations, and with knowledge of the materiality of the omissions or in conscious disregard of the materiality of the omissions.

48. These misrepresentations and omissions were made with the specific purpose and intent to induce Plaintiffs and those like them to purchase and consume Nexium. Defendants knew or had reason to expect that Plaintiffs would act in reliance on its misrepresentations.

10

**MASTER COMPLAINT**          Case No.  CV12-05046 DSF SS(x)

49.     Plaintiffs suffered injuries and damages as a direct and proximate cause of their reliance on Defendants' fraudulent misrepresentations.

### FIFTH CLAIM FOR PRODUCT DEFECT

#### (All PLAINTIFFS against All DEFENDANTS)

50.     Plaintiffs re-allege each and every previous paragraph and incorporate them herein by reference as though set forth in full.

51.     Defendants defectively designed, manufactured, and marketed Nexium. Defendants also failed to adequately warn foreseeable consumers of the safety risks associated with ingestion of Nexium, including but not limited to the risk of developing bone degeneration, osteoporosis, and/or severe fractures.

52.     Such defects and inadequate warnings existed at the time Defendants developed, designed, licensed, manufactured, distributed, sold, and marketed Nexium to Plaintiffs.

53.     Such defects and inadequate warnings rendered Nexium unreasonably dangerous for its intended and foreseeable use, including its use by Plaintiffs.

54.     Plaintiffs would not have taken Nexium or would have taken less Nexium had they been adequately warned of its potential side effects, including but not limited to the risk of developing bone degeneration, osteoporosis, and/or severe fractures.

55.     Plaintiffs suffered injuries and damages as a direct and proximate result of Defendants' design, manufacturing, and marketing defects, as well as its inadequate warnings.

### SIXTH CLAIM FOR BREACH OF EXPRESS WARRANTY

#### (All PLAINTIFFS against All DEFENDANTS)

56.     Plaintiffs re-allege each and every previous paragraph and incorporate them herein by reference as though set forth in full.

57.     Defendants expressly represented to Plaintiffs (and to other consumers and the medical community) that Nexium was safe, well-tolerated, efficacious and fit for its intended purposes, that it was of merchantable quality, that it did not produce any

**MASTER COMPLAINT**                              **Case No.  CV12-05046 DSF SS(x)**

1  unwarned-of dangerous side effects, and that it was adequately tested.

2      58.    Defendants breached expressed warranties with respect to Nexium in the
3  following particulars:

4      a.    Defendants represented through their labeling, advertising,
5      marketing materials, detail persons, seminar presentations, publications, notice
6      letters, and regulatory submissions that Nexium was safe, and fraudulently withheld
7      and concealed information about the substantial risks of physical injury associated
8      with using Nexium;

9      b.    Defendants represented that Nexium was as safe, and/or safer than other
10     alternative medications and fraudulently concealed information that demonstrated
11     that Nexium was not safer than alternatives available on the market; and

12     c.    Defendants represented that Nexium was more efficacious than other
13     alternative medications and fraudulently concealed information regarding the true
14     efficacy of the drug.

15     59.    Nexium does not conform to Defendants' express representations because it is
16  not safe or well-tolerated since it has numerous and serious unwarned-of side effects,
17  causes severe and permanent injuries and was not adequately tested, and it is not much
18  more, if at all, efficacious than alternative medications, treatments and methods.

19     60.    At all relevant times, Nexium did not perform as safely as an ordinary
20  consumer would expect when used as intended or in a reasonably foreseeable manner.

21     61.    Plaintiffs, Plaintiffs' physicians, other consumers, and the medical community
22  relied upon Defendants' express warranties, resulting in Plaintiffs' ingestion of the drug.

23     62.    As a direct and proximate consequence of Defendants' breach of their
24  warranties, the Plaintiffs sustained injuries and damages alleged herein including severe
25  and permanent physical injuries, severe emotional distress, economic losses and other
26  damages to be proved at trial.

27     63.    By reason of the foregoing, Defendants are liable to Plaintiffs for damages as
28  a result of its breach of warranty.

**MASTER COMPLAINT**                    **Case No.  CV12-05046 DSF SS(x)**

## SEVENTH CLAIM FOR BREACH OF IMPLIED WARRANTY

### (All PLAINTIFFS against All DEFENDANTS)

Plaintiffs re-allege each and every previous paragraph and incorporate them herein by reference as though set forth in full.

64.   At all relevant and material times, Defendants manufactured, distributed, advertised, promoted, and sold Nexium.

65.   At all relevant times, Defendants intended that Nexium be used in the manner that Plaintiffs in fact used it.

66.   Defendants impliedly warranted Nexium to be of merchantable quality, safe and fit for the use for which Defendants intended it, and Plaintiffs in fact used it.

67.   Defendants were aware that consumers, including Plaintiffs, would use Nexium; which is to say that Plaintiffs were foreseeable users of Defendant's product Nexium.

68.   Defendants knew, or had reason to know, that Plaintiffs' physicians would rely on Defendant's judgment and skill in providing Nexium for its intended use.

69.   Plaintiffs and their physicians reasonably relied upon the skill and judgment of Defendants as to whether Nexium was of merchantable quality, safe and fit for its intended use.

70.   The drug was expected to reach and did in fact reach consumers, including Plaintiffs, without substantial change in the condition in which it was manufactured and sold by Defendants.

71.   Defendants breached various implied warranties with respect to NEXIUM including the following particulars:

a.   Defendants represented through their labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that NEXIUM was safe and fraudulently withheld and concealed information about the substantial risks of serious injury associated with using NEXIUM;

13

b.     Defendants represented that Nexium was as safe, and/or safer than other alternative medications and fraudulently concealed information that demonstrated that NEXIUM was not safer than alternatives available on the market; and

c.     Defendants represented that NEXIUM was more efficacious than other alternative medications and fraudulently concealed information regarding the true efficacy of the drug.

72.     In reliance upon Defendants' implied warranty, Plaintiffs used NEXIUM as prescribed and in the foreseeable manner normally intended, recommended, promoted, and marketed by Defendant.

73.     Defendants breached their implied warranty to Plaintiffs in that NEXIUM is unreasonably dangerous, defective, and unfit for the ordinary purposes for which NEXIUM was used. It was not of merchantable quality, safe and fit for its intended use, or adequately tested.

74.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Ala. Code § 7-2-314, et seq.

75.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Alaska. St. § 45.02.314, et seq.

76.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Ariz. Rev. Stat. Ann. § 47-2314, et seq.

77.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Ark. Code Ann. § 4-2-314, et seq.

78.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Cal. Comm. Code § 2314, et seq.

79.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Co. Rev. St. § 4-2-314, et seq.

80.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Conn. Gen. Stat. Ann. § 42a-2-314, et seq.

**MASTER COMPLAINT**                     **Case No.  CV12-05046 DSF SS(x)**

81.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of 6 Del. C. § 2-314, et seq.

82.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of D.C. Code Ann. § 28:2-314, et seq.

83.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Fla. Stat. Ann. § 672.314, et seq.

84.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Ga. Code Ann. § 11-2-314, et seq.

85.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Haw. Rev. Stat. § 490:2-314, et seq.

86.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Id. Code § 28-2-314, et seq.

87.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Ill. Comp. Stat. Ann. Ch.810, 5/2-314,et seq.

88.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Indiana Code Ann. § 26-1-2-314, et seq.

89.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Iowa Code Ann. § 554.2314, et seq.

90.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Kansas Stat. Ann. § 84-2-314, et seq.

91.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Ken. Rev. Stat. § 355.2-314, et seq.

92.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of La. Civ. Code Ann. art. 2520, et seq.

93.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of 11 Maine Rev. Stat. Ann. § 2-314, et seq.

94.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Md. Code Ann., Com. Law § 2-314, et seq.

15

95.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Mass. Gen. Laws Ann. Ch.106, § 2-314, et seq.

96.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Mich. Comp. Laws Ann. § 440.2314, et seq.

97.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Minn. Stat. Ann. § 336.2-314, et seq.

98.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Miss. Code Ann. § 75-2-314, et seq.

99.     Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Mo. Rev. Stat. § 400.2-314, et seq.

100.    Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Mont. Code Ann. § 30-2-314, et seq.

101.    Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Neb. Rev. Stat. U.C.C.§ 2-314, et seq.

102.    Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Nev. Rev. Stat. U.C.C. § 104.2314, et seq.

103.    Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of N.H. Rev. Stat. Ann. § 382-A:2-314, et seq.

104.    Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of N.J. Stat. Ann. § 12A:2-314, et seq.

105.    Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of N.M. Stat. Ann. § 55-2-314, et seq.

106.    Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of N.Y. U.C.C. Law 2-314, et seq.

107.    Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of N.C. Gen. Stat. Ann. § 25-2-314, et seq.

108.    Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of N.D. Stat. § 41-02-31, et seq.

109.   Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Ohio Rev. Code Ann. § 1302.27, et seq.

110.   Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of 12A Okla. Stat. § 2-314, et seq.

111.   Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Or. Rev. Stat. § 72.3140, et seq.

112.   Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of 13 Pa. Stat. Ann. § 2314, et seq.

113.   Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of R.I. Gen. Laws § 6A-2-314, et seq.

114.   Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of S.C. § 36-2-314, et seq.

115.   Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of S.D. ST. 57A-2-314, et seq.

116.   Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Tenn. Code Ann. § 47-2-314, et seq.

117.   Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Tex. Bus. & Com. Code Ann. § 2.314, et seq.

118.   Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Ut. Code Ann. § 70A-2-314, et seq.

119.   Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Va. Code Ann. § 8.2-314, et seq.

120.   Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Vt. Stat. Ann. § 9A-2-314, et seq.

121.   Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Wa. Rev. Code § 62A.2-314, et seq.

122.   Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of W. Va. Code § 46-2-314, et seq.

**MASTER COMPLAINT**                    **Case No.  CV12-05046 DSF SS(x)**

123.   Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Wis. Stat. Ann. § 402.314, et seq.

124.   Defendants breached the implied warranty that NEXIUM was of merchantable quality and fit for such use in violation of Wyo. Stat. § 34.1-2-314, et seq.

125.   As a direct and proximate consequence of Defendants' breach of its warranty, the Plaintiffs sustained injuries and damages alleged herein including severe and permanent physical injuries, severe emotional distress, economic losses and other damages to be proved at trial.

126.   By reason of the foregoing, Defendants is liable to Plaintiffs for damages as a result of its breach of implied warranty.

## EIGHTH CLAIM FOR FRAUDULENT MISREPRESENTATION AND CONCEALMENT

### (All PLAINTIFFS against All DEFENDANTS)

127.   Plaintiffs re-allege each and every previous paragraph and incorporate them herein by reference as though set forth in full.

128.   Defendants intentionally and fraudulently misrepresented to consumers and physicians, including Plaintiffs, Plaintiffs' physicians and the public in general, that NEXIUM had been tested and found to be safe, well-tolerated and/or more efficacious than alternative medications and/or treatments and that NEXIUM's benefits outweighed its risks when used as instructed, when, in fact, Defendants knew, or should have known, and fraudulently concealed that NEXIUM is dangerous to the well-being of patients and that the benefits of its use are far outweighed by the risks for Plaintiffs and many others.

129.   At all relevant times, Defendants knew of the use for which NEXIUM was intended and expressly and/or impliedly warranted its drug was of merchantable quality and safe and fit for such use.

130.   Defendants had sole access to material facts concerning the dangers and unreasonable risks of NEXIUM.

/ / /

18

131.   Defendants' superior knowledge and expertise, their relationship of trust and confidence with doctors and the public, their specific knowledge regarding the risks and dangers of NEXIUM and its intentional dissemination of promotional and marketing information about NEXIUM for the purpose of maximizing its sales, each gave rise to the affirmative duty to meaningfully disclose and provide all material information about the risks and harms associated with the drug.

132.   Defendants made false affirmative representations, omissions and/or fraudulently concealed material adverse information regarding the dangers, risks, safety, benefits, utility and effectiveness of NEXIUM in order to induce Plaintiffs, Plaintiffs' physicians, and the public in general to rely upon such representations and to use NEXIUM. By failing to disclose important safety and injury information and suppressing material facts about NEXIUM to Plaintiffs, Plaintiffs' physicians and the public in general, Defendant further led Plaintiffs and Plaintiffs' physicians to rely upon the safety of NEXIUM.

133.   Defendants had a duty to disclose such information, arising from Defendants' actions or making, marketing, promoting, labeling, distributing and selling pharmaceutical products to Plaintiffs and others.

134.   Defendants' false representations and concealments were fraudulently made, in that NEXIUM in fact caused injury, was unsafe, and the benefits of its use were far outweighed by the risk associated with use thereof.

135.   Defendants committed acts of intentional misrepresentation and intentional concealment by suppressing material facts relating to the dangers and substantial risks of serious injuries associated with, and caused by, the use of NEXIUM.

136.   Defendants made such false representations, omissions and concealments with the intent or purpose that Plaintiffs and Plaintiffs' physicians would rely upon such representations, leading to the use of NEXIUM by Plaintiffs.

/ / /

/ / /

19

137.   Defendants made fraudulent affirmative misrepresentations and omissions and fraudulent concealments of material facts regarding the safety and effectiveness of NEXIUM and of the dangers and risks of injuries associated with NEXIUM, including:

   a.   Defendants fraudulently represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that NEXIUM had been adequately tested and found to be safe and effective, and fraudulently concealed information about the substantial risks of serious injury associated with using NEXIUM; and

   b.   Defendants fraudulently represented that NEXIUM was as safe and/or safer and/or more efficacious than other alternative therapies, and fraudulently concealed information that demonstrated that NEXIUM was not safer and/or more efficacious than alternatives available on the market.

138.   Defendants knew, had reason to know, or should have known that these representations and actively concealed adverse information were false, and that NEXIUM had defects and was unreasonably dangerous. Yet, Defendant willfully, wantonly, and recklessly disregarded its obligation to provide truthful representations regarding the safety and risk of NEXIUM to consumers, including Plaintiffs, and to the medical community.

139.   Defendants knew, had reason to know, or should have known that these representations and actively concealed adverse information were false, and that NEXIUM had defects and was unreasonably dangerous. Yet, Defendant willfully, wantonly, and recklessly disregarded its obligation to provide truthful representations regarding the safety and risk of NEXIUM to consumers, including Plaintiffs, and to the medical community.

140.   Defendants did not have adequate proof upon which to base such representations, and in fact, given Defendants' knowledge about NEXIUM's pharmacology and reported adverse events, Defendants knew or should have known that these representations, omissions and/or concealments were false and fraudulent.   Specifically, Defendants knew of, possessed evidence and/or had reason to know that NEXIUM had defects and was unreasonably dangerous, as detailed herein.

137. Defendants made fraudulent affirmative misrepresentations and omissions and fraudulent concealments of material facts regarding the safety and effectiveness of NEXIUM and of the dangers and risks of injuries associated with NEXIUM, including:

    a.    Defendants fraudulently represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that NEXIUM had been adequately tested and found to be safe and effective, and fraudulently concealed information about the substantial risks of serious injury associated with using NEXIUM; and

    b.    Defendants fraudulently represented that NEXIUM was as safe and/or safer and/or more efficacious than other alternative therapies, and fraudulently concealed information that demonstrated that NEXIUM was not safer and/or more efficacious than alternatives available on the market.

138. Defendants knew, had reason to know, or should have known that these representations and actively concealed adverse information were false, and that NEXIUM had defects and was unreasonably dangerous. Yet, Defendant willfully, wantonly, and recklessly disregarded its obligation to provide truthful representations regarding the safety and risk of NEXIUM to consumers, including Plaintiffs, and to the medical community.

139. Defendants knew, had reason to know, or should have known that these representations and actively concealed adverse information were false, and that NEXIUM had defects and was unreasonably dangerous. Yet, Defendant willfully, wantonly, and recklessly disregarded its obligation to provide truthful representations regarding the safety and risk of NEXIUM to consumers, including Plaintiffs, and to the medical community.

140. Defendants did not have adequate proof upon which to base such representations, and in fact, given Defendants' knowledge about NEXIUM's pharmacology and reported adverse events, Defendants knew or should have known that these representations, omissions and/or concealments were false and fraudulent. Specifically, Defendants knew of, possessed evidence and/or had reason to know that NEXIUM had defects and was unreasonably dangerous, as detailed herein.

**MASTER COMPLAINT**          **Case No. CV12-05046 DSF SS(x)**

141. Defendants' misrepresentations were made with the intent that physicians and patients, including Plaintiffs, would rely upon them and were made with the intent of defrauding and deceiving Plaintiffs, other consumers, and the medical community to induce and encourage the sale of NEXIUM.

142. Plaintiffs, Plaintiffs' physicians, and others, did rely upon and/or were induced by the misrepresentations, omissions and/or active concealment of the dangers of NEXIUM to the detriment of the Plaintiffs.

143. Defendants' fraudulent representations and concealments evince its callous, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Plaintiffs.

144. In selecting treatment, Plaintiffs' physicians and Plaintiffs relied on and were induced by Defendants' misrepresentations concerning the dangers of NEXIUM.

145. As detailed herein, Defendants made these fraudulent misrepresentations, omissions and concealments through statements and comments to the press, labeling, advertising, marketing and promotion materials, detailers, seminar presentations, publications, Dear Doctor letters and regulatory submissions.

146. Defendants' fraudulent conduct also included manipulating the medical literature. Defendants shaped the medical literature about NEXIUM, such that the literature cannot accurately reflect NEXIUM's dangers. Defendants wrongfully portrayed these conclusions as objective scientific conclusions by medical scientists.

147. Plaintiffs and the treating medical community did not know that the representations, omissions, and/or concealments made by Defendants were false and were justified in reasonably relying upon Defendants' representations.

148. Had Defendants not fraudulently misrepresented and concealed such information, Plaintiffs would not have ingested NEXIUM and suffered resulting harm.

149. Defendants made the aforesaid representations and concealments intentionally and in the course of Defendants' business as designers, manufacturers, and distributors of NEXIUM despite having no reasonable basis for the assertion that these representations

**MASTER COMPLAINT**                    **Case No.  CV12-05046 DSF SS(x)**

1  were true, without having accurate or sufficient information concerning the aforesaid
2  representations and/or knowing these representations were false. Defendants were aware
3  that without such information it could not accurately make the aforesaid representations.

4      150.  At the time Defendants made the aforesaid representations and at the time
5  Plaintiffs received NEXIUM, Plaintiffs, Plaintiffs' physicians, and the public in general
6  reasonably believed them to be true. At the time that Plaintiffs received NEXIUM,
7  Defendants failed to adequately inform Plaintiffs and/or their prescribing doctors that
8  NEXIUM caused serious injury, despite Defendants being in possession of such evidence.
9  Plaintiffs received no adequate warnings, either written or verbal, that NEXIUM caused
10 these side effects, and relied on these omissions and concealments.

11     151.  NEXIUM's label changes detailed herein should have come sooner and/or
12 were fraudulent and misleading because they downplayed any association and causal
13 relationship, in spite of Defendants' awareness of causation.

14     152.  As a direct and proximate consequence of Defendants' fraudulent
15 misrepresentations, omissions and intentional concealment of material facts, upon which
16 Plaintiffs reasonably relied, Plaintiffs sustained injuries and damages alleged herein
17 including severe and permanent physical injuries, severe emotional distress, economic
18 losses and other damages to be proved at trial.

19     153.  By reason of the foregoing, Defendants are liable to Plaintiffs for damages as
20 a result of its fraudulent misrepresentations, omissions and concealments.

21 **NINTH CLAIM FOR NEGLIGENT MISREPRESENTATION AND**
22 **CONCEALMENT**
23 (All PLAINTIFFS against All DEFENDANTS)

24     154.  Plaintiffs re-allege each and every previous paragraph and incorporate them
25 herein by reference as though set forth in full.

26     155.  At all relevant times, Defendants designed, tested, manufactured, packaged,
27 marketed, distributed, promoted, and sold NEXIUM.
28 ///

**MASTER COMPLAINT**             **Case No.  CV12-05046 DSF SS(x)**

156. At all relevant times, Defendants knew of the use for which NEXIUM was intended and expressly and/or impliedly warranted that the drug was of merchantable quality and safe and fit for such use.

157. Defendants' superior knowledge and expertise, their relationship of trust and confidence with doctors and the public, its specific knowledge regarding the risks and dangers of NEXIUM and its intentional dissemination of promotional and marketing information about NEXIUM for the purpose of maximizing its sales, each gave rise to the affirmative duty to meaningfully disclose and provide all material information about the risks and harms associated with the drug.

158. Defendants recklessly and/or negligently represented to Plaintiffs, Plaintiffs' physicians, and other persons and professionals on whom it was known by Defendants that they would rely, that NEXIUM was safe to ingest and that the utility of this product outweighed any risk in use for their intended purposes.

159. Defendants recklessly and/or negligently failed to disclose to Plaintiffs, and others, important safety and efficacy information, thereby suppressing material facts about the drug, while having a duty to disclose such information, which duty arose from their actions of making, marketing, promoting, distributing and selling pharmaceutical products to Plaintiffs and others.

160. Defendants led Plaintiffs to rely upon the safety of the product in its use.

161. The false representations of the Defendants were recklessly and/or negligently made in that NEXIUM in fact caused injury, was unsafe, and the benefits of its use were far outweighed by the risk associated with use thereof.

162. Defendants committed acts of reckless and/or negligent misrepresentation and reckless and/or negligent concealment by suppressing material facts relating to the dangers and injuries associated with, and caused by, the use of NEXIUM.

163. Defendants knew or should have known that its representations and/or omissions were false. Defendants made such false, negligent and/or reckless representations with the intent or purpose that Plaintiffs and Plaintiffs' physicians would

23

1   rely upon such representations, leading to the use of NEXIUM by Plaintiffs.

2       164. Defendants recklessly and/or negligently misrepresented and/or omitted
3   information with respect to NEXIUM in the following particulars:

4       a.   Defendants represented through their labeling, advertising, marketing
5            materials, detail persons, seminar presentations, publications, notice letters, and
6            regulatory submissions that NEXIUM was safe and fraudulently withheld and
7            concealed information about the substantial risks of serious injury associated with
8            using NEXIUM;

9       b.   Defendants represented that NEXIUM was as safe and/or safer than other
10           alternative therapies and fraudulently concealed information that demonstrated that
11           NEXIUM was not safer than alternatives available on the market; and

12      c.   Defendants represented that NEXIUM was more efficacious than other
13           alternative therapies and fraudulently concealed information regarding the true
14           efficacy of the drug.

15      165. Defendants made affirmative misrepresentations and recklessly and/or
16  negligently omitted material adverse information regarding the safety and effectiveness of
17  NEXIUM.

18      166. Defendants made these misrepresentations and/or omissions at a time when
19  Defendant knew or had reason to know that NEXIUM had defects and was unreasonably
20  dangerous and was not what Defendant had represented to the medical and healthcare
21  community, the FDA, and the consuming public, including Plaintiffs.

22      167. Defendants omitted, suppressed, and/or concealed material facts concerning
23  the dangers and risk of injuries associated with the use of NEXIUM, including serious
24  injury. Furthermore, Defendants' purpose was willfully blind to, ignored, downplayed,
25  avoided, and/or otherwise understated the serious nature of the risks associated with the use
26  of NEXIUM in order to increase sales.

27      168. Defendants' misrepresentations and/or omissions were undertaken by
28  Defendant with an intent that doctors and patients, including Plaintiffs, rely upon them.

**MASTER COMPLAINT**                    **Case No.  CV12-05046 DSF SS(x)**

169.   Defendants' misrepresentations and/or omissions were undertaken with the intent of defrauding and/or deceiving Plaintiffs, other consumers, and the medical community to induce and encourage the sale of NEXIUM.

170.   Defendants' misrepresentations and/or omissions evinced the Defendants' callous, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Plaintiffs.

171.   Plaintiffs' physicians and Plaintiffs relied on and were induced by Defendant's misrepresentations, omissions, and/or active concealment of the dangers of NEXIUM in selecting treatment.

172.   Plaintiffs and Plaintiffs' physicians did not know that the representations made by Defendants were false and were justified in relying upon Defendants' representations.

173.   Had Plaintiffs been aware of the increased risk of side effects associated with NEXIUM and the relative efficacy of NEXIUM compared with other readily available alternative therapies, Plaintiffs would not have taken NEXIUM.

174.   As a direct and proximate consequence of Defendant's misrepresentations, Plaintiffs sustained injuries and damages alleged herein including severe physical injuries, severe emotional distress, economic losses and other damages to be proved at trial.

175.   By reason of the foregoing, Defendants are liable to Plaintiffs for damages as a result of its negligent misrepresentations, omissions, and concealment.

## TENTH CLAIM FOR VIOLATIONS OF APPLICABLE STATE LAW PROHIBITING CONSUMER FRAUD AND UNFAIR AND DECEPTIVE TRADE PRACTICES

(All PLAINTIFFS against All DEFENDANTS)

176.   Plaintiffs re-allege each and every previous paragraph and incorporate them herein by reference as though set forth in full.

177.   Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the sale and promotion of Nexium to Plaintiffs.

///

178. Defendants engaged in unfair, unconscionable, deceptive, fraudulent and misleading acts or practices in violation of all states' consumer protection laws, identified below.

179. Through their false, untrue and misleading promotion of Nexium, Defendants induced Plaintiffs to purchase and/or pay for the purchase of Nexium.

180. Defendants misrepresented the alleged benefits and characteristics of Nexium; suppressed, omitted, concealed, and failed to disclose material information concerning known adverse effects of Nexium; misrepresented the quality and efficacy of Nexium as compared to much lower-cost alternatives; misrepresented and advertised that Nexium was of a particular standard, quality, or grade that it was not; misrepresented Nexium in such a manner that later, on disclosure of the true facts, there was a likelihood that Plaintiff would have switched from Nexium to another option and/or chosen not to purchase and/or reimburse for purchases of Nexium; advertised Nexium with the intent not to sell it as advertised; and otherwise engaged in fraudulent and deceptive conduct.

181. Defendants' conduct created a likelihood of, and in fact caused, confusion and misunderstanding. Defendants' conduct misled, deceived and damaged Plaintiffs, and Defendants' fraudulent, misleading and deceptive conduct was perpetrated with an intent that Plaintiffs rely on said conduct by purchasing and/or paying for purchases of Nexium. Moreover, Defendants knowingly took advantage of Plaintiffs, who were reasonably unable to protect their interests due to ignorance of the harmful adverse effects of Nexium.

182. Defendants' conduct was willful, outrageous, immoral, unethical, oppressive, unscrupulous, unconscionable and substantially injurious to Plaintiffs and offends the public conscience.

183. Plaintiffs purchased Nexium primarily for personal, family, or household purposes.

184. As a result of Defendants' violative conduct, Plaintiffs purchased and/or paid for purchases of Nexium that were not made for resale.

/ / /

26

185.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Alaska Stat. § 45.50.471, et seq.

186.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, et seq.

187.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Ark. Code § 4-88-101, et seq.

188.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Cal. Civ. Code § 1770, et seq. (the "Consumer Legal Remedies Act"), and Cal. Bus. & Prof. Code § 17200 et seq. and § 17500 et seq.

189.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105 et seq.

190.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, et seq.

191.   Defendants engaged in unfair competition or deceptive acts or practices in violation of D.C. Code Ann. § 28-3901 et seq.

192.   Defendants engaged in unfair competition or deceptive acts or practices in violation of 6 Del. Code Ann. § 2513, et seq.

193.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Fla. Stat. § 501.201, et seq.

194.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, et seq.

195.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Idaho Code § 48-601, et seq.

196.   Defendants engaged in unfair competition or deceptive acts or practices in violation of 815 Illinois L.C.S. §§ 505/2, 510/2 et seq.

197.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Ind. Code § 24-5-0.5 et seq.

/ / /

**MASTER COMPLAINT**                                    **Case No.  CV12-05046 DSF SS(x)**

198.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Kan. Stat. Ann. § 50-623 et seq.

199.   Defendants engaged in unfair competition or deceptive acts or practices in violation of KRS § 367.170, et seq.

200.   Defendants engaged in unfair competition or deceptive acts or practices in violation of 5 Me. Rev. Stat. Ann. § 207, et seq.

201.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Md. Code, Commercial Law, § 13-301 et seq.

202.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Mass. Gen. Laws Ch. 93A § 1, et seq.

203.   Defendants engaged in unfair competition or deceptive acts or practices in violation of M.C.L.A. § 445.901 et seq.

204.   Defendants engaged in unfair competition or deceptive acts or practices in violation of M.S.A. § 325F.69, et seq. and M.S.A. § 325D.44 et seq.

205.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Miss. Code Ann. § 75-24-5.

206.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Missouri V.A.M.S. § 407.020, et seq.

207.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Neb. Rev. St. § 59-1602, et seq.

208.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Nev. Rev. Stat. §§ 41.600, 598.0903 et seq.

209.   Defendants engaged in unfair competition or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, et seq.

210.   Defendants engaged in unfair competition or deceptive acts or practices in violation of N.J. Stat. Ann. § 56:8-1, et seq.

211.   Defendants engaged in unfair competition or deceptive acts or practices in violation of N.M. Stat. § 57-12-1, et seq.

**MASTER COMPLAINT**                              **Case No.  CV12-05046 DSF SS(x)**

212.   Defendants engaged in unfair competition or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, et seq.

213.   Defendants engaged in unfair competition or deceptive acts or practices in violation of N.C. Gen. Stat. Ann. § 75-1.1, et seq.

214.   Defendants engaged in unfair competition or deceptive acts or practices in violation of N.D.C.C. § 51-15-02, et seq.

215.   Defendants have engaged in unfair competition or deceptive acts or practices in violation of Ohio Rev. Code. Ann. § 1345.01, et seq.

216.   Defendants engaged in unfair competition or deceptive acts or practices in violation of 15 Okla. St. Ann. §§ 751-753, et seq.

217.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Oregon Revised Statutes § 646.605 et seq.

218.   Defendants engaged in unfair competition or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1 et seq.

219.   Defendants engaged in unfair competition or deceptive acts or practices in violation of R.I. Gen. Laws § 6-13.1-1, et seq.

220.   Defendants engaged in unfair competition or deceptive acts or practices in violation of S.D. Code Laws § 37-24-1, et seq.

221.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Tenn. Code Ann.§ 47-18-104, et seq.

222.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41 et seq.

223.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Utah Code § 13-11-1, et seq.

224.   Defendants engaged in unfair competition or deceptive acts or practices in violation of 9 Vt. Stat. § 2451, et seq.

225.   Defendants engaged in unfair competition or deceptive acts or practices in violation of Va. Code § 59.1-200, et seq.

**MASTER COMPLAINT**                          **Case No.  CV12-05046 DSF SS(x)**

226.  Defendants engaged in unfair competition or deceptive acts or practices in violation of Wash. Rev. Code § 19.86.010, et seq.

227.  Defendants engaged in unfair competition or deceptive acts or practices in violation of W.Va. Code § 46A-6-101 et seq.

228.  Defendants engaged in unfair competition or deceptive acts or practices in violation of Wis. Stat. § 100.18 et seq.

229.  Defendants engaged in unfair competition or deceptive acts or practices in violation of Wy. Stat. § 40-12-101, et seq.

230.  As a proximate result of Defendants' misrepresentations and omissions, Plaintiffs have suffered ascertainable losses, in an amount to be determined at trial.

231.  By reason of the foregoing, Defendants are liable to Plaintiffs for damages as a result of its violations of applicable state law prohibiting consumer fraud and deceptive and unfair trade practices.

## ELEVENTH CLAIM FOR PUNITIVE DAMAGES

### (All PLAINTIFFS against All DEFENDANTS)

232.  Plaintiffs re-allege each and every previous paragraph and incorporate them herein by reference as though set forth in full.

233.  At all times material hereto, Defendants knew or should have known that Nexium was inherently more dangerous than other treatments with respect to the risks including, but not limited to, the risks of serious injury, that exceeded the benefits of Nexium.

234.  At all times material hereto, Defendants attempted to and did misrepresent, conceal, and omit facts concerning the safety of Nexium, as detailed herein.

235.  At all times material hereto, Defendants knew and recklessly disregarded the fact that Nexium causes debilitating and potentially life-altering side effects with greater frequency than safer alternative methods of treatment.

/ / /

/ / /

30

**MASTER COMPLAINT**                    **Case No.  CV12-05046 DSF SS(x)**

236.   Notwithstanding the foregoing, Defendants continued to aggressively market the subject product to consumers, including Plaintiffs, without disclosing the side effects, when there were safer alternative treatments.

237.   Defendants knew of Nexium's defective and unreasonably dangerous nature, as set forth herein, but continued to design, develop, manufacture, market, distribute and sell it so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiffs, in conscious and/or negligent disregard of the foreseeable harm caused by Nexium.

238.   Defendants intentionally concealed and/or recklessly failed to disclose to the public, including Plaintiffs, the potentially life threatening side effects of Nexium in order to ensure continued and increased sales.

239.   The Defendants' intentional and/or reckless failure to disclose information deprived Plaintiffs of necessary information to enable Plaintiffs and their physicians to weigh the true risks of using the Nexium against its benefits.

240.   As a direct and proximate result of the Defendants' conscious and deliberate disregard for the rights and safety of consumers such as the Plaintiffs, Plaintiffs suffered severe and permanent physical injuries. Plaintiffs have endured substantial pain and suffering and have suffered and will continue to suffer economic loss, and have otherwise been physically, emotionally and economically injured. Plaintiffs' injuries and damages are permanent and will continue into the future.

241.   Defendants' conduct detailed herein was committed with knowing, conscious, and deliberate disregard for the rights and safety of consumers, including Plaintiffs, thereby entitling each Plaintiff to punitive damages in an amount appropriate to punish the Defendants and to deter them from similar conduct in the future.

/ / /

/ / /

/ / /

/ / /

31

**MASTER COMPLAINT**                                **Case No.  CV12-05046 DSF SS(x)**

242.   By reason of the foregoing, Plaintiffs are entitled to punitive damages.

## TWELFTH CLAIM FOR LOSS OF CONSORTIUM (IF APPROPRIATE)

### (All PLAINTIFFS against All DEFENDANTS)

243.   Plaintiffs re-allege each and every previous paragraph and incorporate them herein by reference as though set forth in full.

244.   At all times relevant hereto the Plaintiffs' spouses ("Spouse Plaintiffs") and/or family members ("Family Member Plaintiffs") and/or domestic partners ("Domestic Partner Plaintiffs") have suffered injuries and losses as a result of the Plaintiffs' injuries.

245.   For the reasons set forth herein, Spouse Plaintiffs and/or Family Member Plaintiffs and/or Domestic Partner Plaintiffs have necessarily paid and have become liable to pay for medical aid, treatment, and medications, and will necessarily incur further expenses of a similar nature in the future as a proximate result of the Defendants' misconduct.

246.   For the reasons set forth herein, Spouse Plaintiffs and/or Family Member Plaintiffs and/or Domestic Partner Plaintiffs have suffered and will continue to suffer the loss of their loved ones' support, companionship, services, society, love, and affection.

247.   For all Spouse Plaintiffs, Plaintiffs allege their marital relationship has been impaired and depreciated, and the marital association between husband and wife has been altered.

248.   Spouse Plaintiffs and/or Family Member Plaintiffs and/or Domestic Partner Plaintiffs have suffered great emotional pain and mental anguish.

249.   As a direct and proximate result of the Defendant's misconduct, Spouse Plaintiffs and/or Family Member Plaintiffs and/or Domestic Partner Plaintiffs have sustained injuries and damages alleged herein and other damages to be proved at trial.

250.   By reason of the foregoing, Defendants are liable to Spouse Plaintiffs and/or Family Member Plaintiffs and/or Domestic Partner Plaintiffs for damages as a result of its misconduct.

/ / /

**MASTER COMPLAINT**                          **Case No.  CV12-05046 DSF SS(x)**

## THIRTEENTH CLAIM FOR WRONGFUL DEATH (IF APPROPRIATE)

### (All PLAINTIFFS against All DEFENDANTS)

251.   Plaintiffs re-allege each and every previous paragraph and incorporate them herein by reference as though set forth in full.

252.   Decedent Plaintiffs died as a direct and proximate result of Defendants' misconduct as alleged herein resulting in Decedents' use of Nexium and are survived by various family members, named and unnamed.

253.   As a direct and proximate result of the acts and/or omission of Defendants, Decedent's heirs and family have been deprived of his/her future aid, income, assistance, services, companionship, society, affection and financial support.

254.   The representatives or administrators of Decedent Plaintiffs' estates bring these claims on behalf of the Decedent Plaintiffs' lawful heirs for Decedent's wrongful death.

255.   Decedent Plaintiffs' estate representatives bring these claims on behalf of Decedent Plaintiffs' lawful heirs for these damages and for all pecuniary losses sustained by the heirs.

256.   Decedent Plaintiffs' estate representatives further plead all wrongful death damages allowed by statute and law in the states in which the causes of action have accrued.

## FOURTEENTH CLAIM FOR SURVIVAL (IF APPROPRIATE)

### (All PLAINTIFFS against All DEFENDANTS)

257.   Plaintiffs re-allege each and every previous paragraph and incorporate them herein by reference as though set forth in full.

258.   As a direct and proximate result of Defendants' misconduct as alleged herein, Decedent Plaintiffs suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of enjoyment of life, medical expenses, loss of earnings and loss of earning capacity prior to Decedent Plaintiffs' deaths.

///

33

**MASTER COMPLAINT**                    **Case No.  CV12-05046 DSF SS(x)**

259.   The representatives or administrators of Decedent Plaintiffs' estates bring this claim on behalf of Decedent Plaintiffs' estate and Decedent Plaintiffs' beneficiaries for damages.

260.   The representatives or administrators of Decedent Plaintiffs' estates are entitled to recover damages, to which Decedent would have been entitled and further plead all survival damages allowed by statute and law in the states in which the causes of action accrued.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant the following relief:

1.   General and special damages in an amount to be determined at trial;

2.   Punitive damages in an amount to be determined at trial;

3.   Costs of suit incurred herein; and

4.   Such other and further relief as the Court may deem just and proper.

DATED:  April 8, 2013

GIRARDI | KEESE

By: _____

THOMAS V. GIRARDI
VINCENT J. CARTER
Attorneys for Plaintiffs

**MASTER COMPLAINT**                    **Case No.  CV12-05046 DSF SS(x)**

1
2
## JURY DEMAND
3
Plaintiff demands a trial by jury on all issues which may be tried by a jury.
4
5  DATED:  April 11, 2013
GIRARDI | KEESE
6
7                                                By: _____
8                                                THOMAS V. GIRARDI
   VINCENT J. CARTER
9                                                Attorneys for Plaintiffs
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

35

**MASTER COMPLAINT**                    **Case No.  CV12-05046 DSF SS(x)**

## <u>CERTIFICATE OF SERVICE</u>

I, Terry Yamasaki, declare:

I am a citizen of the United States and I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1126 Wilshire Boulevard, Los Angeles, California 90017.

On April 11, 2013, I served the foregoing document described as: **MASTER COMPLAINT** on all interested parties in this action by causing a true copy thereof to be distributed as follows:

☑    **BY ELECTRONIC SERVICE VIA PACER:**  I caused such documents to be transmitted via electronic mail to the stated parties via an electronic service known as PACER.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 11, 2013, at Los Angeles, California.

TERRY YAMASAKI

36

**MASTER COMPLAINT**                    **Case No.  CV12-05046 DSF SS(x)**