1
2
3
4
5
6
7
8
9                      UNITED STATES DISTRICT COURT
10
                      CENTRAL DISTRICT OF CALIFORNIA
11

12

13  | In Re: NEXIUM | Case No.: 12-ml-2404 DSF (SSx) |
    | (ESOMEPRAZOLE) PRODUCTS | |
14  | LIABILITY LITIGATION | ~~[PROPOSED]~~ **STIPULATED** |
    | | **PROTECTIVE ORDER** |
15  | This document relates to: | |
16  | | [Discovery Document: Referred to |
    | ALL CASES | Magistrate Judge Suzanne H. Segal] |
17
18
19
20        The parties hereto have stipulated and agreed to entry of a Protective Order
21  in this case. GOOD CAUSE APPEARING THEREFORE, it is hereby ORDERED
22  that a Protective Order shall be entered in this case, with the following terms,
23  conditions, and requirements:

24                        **GOOD CAUSE STATEMENT**

25        Rule 26(c) of the Federal Rules of Civil Procedure permits entry of a
26  protective order "for good cause" shown. Among the reasons a protective order
27  may be entered is the protection of "a party or person from annoyance,
28  embarrassment, oppression, or undue burden or expense" (Fed R. Civ. P. 26(c)(1))

1    including the protection of "…a trade secret or other confidential research,

2    development, or commercial information" (Fed. R. Civ. P. 26(c)(1)(G)).    The

3    parties agree that information and documents appropriately subject to protection

4    under Rule 26(c) may be sought, produced, or exhibited in discovery and that good

5    cause exists for entry of a protective order, as provided below.

6         A.    Due to the nature of the products liability actions and claims

7    coordinated in this multi-district litigation (MDL) proceeding, it is anticipated that

8    documents and information may be sought, produced, or exhibited in discovery,

9    which are entitled to protection as trade secrets, and/or because they discuss

10   confidential and proprietary research and development, scientific, medical,

11   manufacturing, distribution, sales, marketing, and financial information concerning

12   Nexium® (esomeprazole), Prevacid® (lansoprazole) and/or any other proton pump

13   inhibitor manufactured or sold by the Defendants (*see* ¶ 1, *infra*).    It is further

14   anticipated that documents reflecting communications concerning these matters

15   that are internal to an individual Defendant and/or involve agents or representatives

16   of an individual Defendant and third parties (such as regulators, suppliers,

17   distributors, marketers, and others involved in the approval, research, development,

18   production, distribution,  marketing, and sale of a particular proton pump inhibitor)

19   may be sought, produced, or exhibited in discovery.    Such documents and

20   information are commercially sensitive and derive value from their confidential,

21   proprietary, and/or trade secret nature.    Competitors of one or more of the

22   Defendants could gain competitive advantage were they able to obtain information

23   identified in this paragraph as a result of its production for purposes of this

24   Litigation.

25        B.    Documents sought, produced, or exhibited in discovery may also

26   include extensive proprietary information concerning one or more AstraZeneca

27   entities ("AstraZeneca"), McKesson Corporation ("McKesson") or Takeda

28   Pharmaceuticals U.S.A., Inc. ("Takeda") (collectively the "Defendants"), including

2

1  confidential and/or proprietary information concerning their respective: research
2  and development activities, plans, and information; formulation; manufacturing
3  processes, practices and procedures; distribution plans and data; sales plans and
4  data; marketing plans, research, activities and data; insurance coverage; budgets;
5  financial performance, information or results; business plans, strategies or
6  projections; acquisition offers or expressions of interest; proposed strategic
7  transactions or other business combinations or ventures; technical information and
8  specifications; studies or analyses by internal or outside experts; financial
9  information or results; tax data; assets and liabilities; competitive analyses;
10 personnel records and information; or any other such commercial, business or
11 other confidential and/or proprietary information.  It is further anticipated that
12 documents reflecting communications concerning these matters that are internal to
13 an individual Defendant and/or involve representatives of an individual Defendant
14 and third parties (such as regulators, suppliers, distributors, marketers, and others
15 involved in the approval, production, marketing, and sale of a particular proton
16 pump inhibitor) may be sought, produced, or exhibited in discovery.    Such
17 documents and information are commercially sensitive and derive value from their
18 confidential, proprietary, and/or trade secret nature.  Those that compete with one
19 or more of the Defendants could gain competitive advantage were they able to
20 obtain information identified in this paragraph as a result of its production for
21 purposes of this Litigation.
22          C.    The AstraZeneca entities and Takeda Pharmaceuticals U.S.A., Inc.,
23 parties to this MDL, are direct competitors with each other and other entities that
24 are not a party to this MDL proceeding.  McKesson Corporation is a distributor of
25 pharmaceutical products and possesses not only its own confidential and
26 proprietary information, but also potentially the confidential and proprietary
27 information of the AstraZeneca entities, Takeda, and other manufacturers who are
28 competitors of the AstraZeneca entities and/or Takeda.  If use and disclosure of the

1   trade secrets and/or confidential and proprietary information identified in
2   Paragraphs A and B above, are not (1) protected from public disclosure and (2)
3   limited in their use only for purposes of this Litigation (*see* ¶ 1 *infra*) in the manner
4   agreed herein, then the information could be used to gain competitive advantage
5   over one or more of the Defendants and/or third parties. The Defendants could be
6   irreparably harmed if this information is divulged to others or somehow misused
7   by the parties or non-parties. An unfettered ability to disclose or publish the
8   information described in Paragraphs A and B above, including but not limited to
9   the filing of documents in the public record, is likely to be harmful to the
10   commercial interests of one or more of the Defendants in this action. A protective
11   order is needed to facilitate good faith participation in the discovery process and to
12   prevent the Litigation from becoming a vehicle for improper purposes.
13   Accordingly, there exists good cause to enter this protective order to ensure
14   adequate protection against the wrongful use or disclosure of the foregoing
15   information and to protect the value associated with it.

16   D.    It is further anticipated that private and/or personal information of plaintiffs
17   or persons not a party to this action, including private and/or personal health,
18   medical, employment, financial, and residence information, will be sought from
19   and/or produced or exhibited by the parties and/or third parties. Beyond the highly
20   personal nature of the information, such information is likely entitled to protection
21   by right of privacy, the Health Insurance Portability and Accountability Act
22   (HIPAA), the federal Food, Drug, & Cosmetic Act (FDCA), foreign privacy and
23   data protection laws, and/or other such legal protections. In the case of HIPAA,
24   for example, production of protected health information pursuant to subpoena,
25   discovery request, or other lawful process may be withheld until and unless the
26   holder of the information receives assurances that efforts have been made by a
27   party seeking such information to secure a "qualified protective order" that
28   prohibits the parties from using or disclosing the protected health information for

1   any purpose other than the litigation or proceeding for which such information was
2   requested; and requires the return to the covered entity or destruction of the
3   protected health information (including all copies made) at the end of the litigation
4   or proceeding. *See* 45 C.F.R. § 164.512, subd. (e). Also protected from disclosure
5   is information that would identify patients and/or persons associated with reporting
6   adverse events involving human drugs (excluding Plaintiff(s)), and research
7   subjects. *See* 21 C.F.R. §§ 20.63, 20.113, 45 C.F.R. §§ 160, 164. Documents that
8   originate from a foreign jurisdiction outside the United States that (1) are subject to
9   the protection of foreign privacy and data protection laws, and (2) which the
10  Producing Party reasonably believes in good faith to contain information about or
11  pertaining to a specific individual that can be linked to that individual and that
12  reveals race, ethnic origin, sexual orientation, political opinions, religious or
13  philosophical beliefs, trade union or political party membership or that concerns an
14  individual's health, is deemed highly sensitive and subject to protection that
15  requires limitation of the production of this information on an "attorneys' eyes
16  only" basis (*see* ¶ 16 *infra*). An unfettered ability to disclose or publish the
17  information described in this Paragraph, including but not limited to the filing of
18  documents in the public record, is legally prohibited and/or likely to be
19  embarrassing and/or harmful to the commercial, personal and/or privacy interests
20  of one or more of the parties or third parties. Accordingly, there exists good cause
21  to enter this protective order to ensure adequate protection against the wrongful use
22  or disclosure of the information described in this Paragraph.

23      E.    It is anticipated that confidential, proprietary, or trade secret
24  documents and information belonging to third-parties governed by an obligation of
25  confidentiality or restricted use pursuant to law or agreement may be sought,
26  produced, or exhibited in discovery. And, in such instances, a protective order is
27  needed before a party or third party may disclose the protected information to
28  others for purposes of the Litigation.    One or more third-parties could be

1 | irreparably harmed if their trade secret, confidential, and/or proprietary information
2 | and documents are divulged or somehow wrongly misused by the parties or non-
3 | parties. An unfettered ability to disclose or publish such information, including but
4 | not limited to the filing of documents in the public record, is likely to be harmful to
5 | the commercial interests of the third-party owner of the information. Accordingly,
6 | there exists good cause to enter this protective order to ensure adequate protection
7 | against the wrongful use or disclosure of the foregoing information and to protect
8 | the value associated with it.

9      F.      Beyond seeking protection for the information described above, the
10 | parties also seek to ensure that deposition testimony and written discovery
11 | responses referencing or otherwise incorporating in whole or part any of this
12 | information, are also entitled to protection from public disclosure or use for
13 | purposes other than this Litigation.

14      G.      The parties agree that entry of this stipulated protective order at the
15 | start of discovery will facilitate a timely and efficient discovery process. For all
16 | the foregoing reasons, the parties agree that good cause exists pursuant to Rule
17 | 26(c) of the Federal Rules of Civil Procedure for entry of this Stipulated Protective
18 | Order ("Protective Order" or "Order"). Accordingly, the parties hereby
19 | respectfully request that the Court enter this Order.

20

## PROTECTIVE ORDER

21      1.      This Order shall govern the above-captioned matter (the "MDL"),
22 | including any appeal therefrom, and any other litigation brought by or on behalf of
23 | any person against one or more AstraZeneca entities ("AstraZeneca"), McKesson
24 | Corporation ("McKesson") or Takeda Pharmaceuticals U.S.A., Inc. ("Takeda")
25 | (collectively the "Defendants") alleging personal injury, wrongful death, or other
26 | damage arising from the purchase and/or ingestion of Nexium® (esomeprazole
27 | magnesium), Prevacid® (lansoprazole) or any other proton pump inhibitor
28 | manufactured or sold by the Defendants (collectively "the Litigation").

2.     As used in this Order, the term "Confidential Discovery Material" means Documents, materials, or portions thereof, and information contained therein, produced in the course of discovery of the Litigation that are designated "Confidential" pursuant to the terms of this Protective Order, including Paragraphs A through G above, by any party, person or original source of the document (the "Producing Party") to any other party or person (the "Receiving Party") subject to this Protective Order.  (*See also* ¶ 8, *infra*.)  The term "Confidential Personal Information" means documents, material or information produced by the Producing Party in the course of discovery of the Litigation that include and/or are designated "Personal Information" or "Sensitive Personal Information-Attorneys Eyes Only" pursuant to the terms of this Protective Order (see Paragraphs 15-17). "Document" as used herein shall be interpreted broadly to include hard copy or electronically stored information ("ESI") including but not limited to: discovery materials, writings, drawings, graphs, charts, photographs, sound recordings, images, audio-visual materials and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  This Protective Order is applicable to all forms of discovery, including but not limited to deposition testimony, deposition exhibits, answers to interrogatories, Documents produced in response to requests for production, responses to requests for admission, medical records, and any Documents recorded on computer disks or removable storage media.  As used herein, the terms "party" and "parties" refer to those individuals or entities named as a party to any action pending in the Litigation.  The terms "person" and "persons" include parties and also any non-party or third-party subject to this Protective Order.

3.     This Protective Order is binding upon:

a.     The parties to any action pending in the Litigation, including their respective heirs, assigns, corporate parents, subsidiaries and affiliates,

and their respective attorneys, agents, experts, consultants, representatives, officers, employees and others as set forth in this Order;

b.     Any person who produces a Document in the Litigation pursuant to this Protective Order;

c.     Any person who obtains a Document produced or disclosed in the Litigation pursuant to this Protective Order; and/or

d.     Any person who signs the non-disclosure agreement in the form of the Acknowledgement of Stipulated Protective Order ("Acknowledgement") attached as Exhibit 1 and incorporated herein by reference.

4.     The parties agree that Confidential Discovery Material and/or Confidential Personal Information will be used only for the Litigation. Other than described herein, Confidential Discovery Material and/or Confidential Personal Information will not be used for any other purpose, including other litigation, and shall not be disclosed to any person or governmental agency or otherwise made public except in compliance with the terms of this Order, or by determination of the Court.

5.     This Order is HIPAA-compliant pursuant to 45 C.F.R. § 164.512 (e)(1)(v).     The parties agree that Confidential Discovery Material and/or Confidential Personal Information will be used only for the Litigation, including Documents that contain Protected Health Information (PHI) and individually identifiable health information that is protected from unauthorized disclosure by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), codified in 45 C.F.R. §§ 160, 164.

6.     Any pleadings, discovery responses, statements, declarations, drafts, copies, photographs, depictions, excerpts, and notes concerning or other information generated from an inspection of a Document that quotes, incorporates, reflects or otherwise includes, in whole or in part, Confidential Discovery Material

8

1  and/or Confidential Personal Information shall be treated in the same manner as
2  the Document bearing the designation.

3      7.    Any person subject to this Protective Order who receives any
4  Confidential Discovery Material and/or Confidential Personal Information in the
5  course of discovery in the Litigation shall not disclose such Confidential Discovery
6  Material and/or Confidential Personal Information to anyone else except as
7  expressly permitted by this Protective Order.

8      8.    The Producing Party may designate as Confidential Discovery
9  Material and/or Confidential Personal Information any Document that it in good
10 faith believes constitutes non-public information that is used by the Producing
11 Party in, or pertaining to, its business that would not normally be disclosed to third
12 parties or, if disclosed, would require third parties to maintain the information in
13 confidence. Information subject to a confidentiality designation may include, but
14 is not limited to information described in Paragraphs A through G in the Good
15 Cause Statement above, including:

16         a.    Documents and information entitled to protection as trade
17     secrets, and/or because they discuss confidential and proprietary research
18     and development, scientific, medical, manufacturing, distribution, sales,
19     marketing, and financial information concerning Nexium® (esomeprazole),
20     Prevacid® (lansoprazole) and/or any other proton pump inhibitor
21     manufactured or sold by the Defendants (*see* ¶ A, *supra*);

22         b.    Proprietary information concerning one or more Defendants,
23     including confidential and/or proprietary information concerning their
24     respective: research and development activities, plans, and information;
25     formulation; manufacturing processes, practices and procedures; distribution
26     plans and data; sales plans and data; marketing plans, research, activities and
27     data; insurance coverage; budgets; financial performance, information or
28     results; business plans, strategies or projections; acquisition offers or

expressions of interest; proposed strategic transactions or other business combinations or ventures; technical information and specifications; studies or analyses by internal or outside experts; financial information or results; tax data; assets and liabilities; competitive analyses; personnel records and information; or any other such commercial, business or other confidential and/or proprietary information (*see* ¶ B, *supra*);

c.    Private and/or personal information of plaintiffs or persons not a party to this action, including private and/or personal health, medical, employment, financial, and residence information, and information that would identify patients and/or persons associated with reporting adverse events involving human drugs (excluding Plaintiff(s)), and research subjects (*see* ¶ D, *supra*);

d.    Documents that originate from a foreign jurisdiction outside the United States and (1) are subject to the protection of foreign privacy and data protection laws, and (2) which the Producing Party reasonably believes in good faith to contain information about or pertaining to a specific individual that can be linked to that individual and that reveals race, ethnic origin, sexual orientation, political opinions, religious or philosophical beliefs, trade union or political party membership or that concerns an individual's health (*see* ¶ D, *supra*); and

e.    Confidential, proprietary, or trade secret documents and information belonging to third-parties governed by an obligation of confidentiality or restricted use pursuant to law or agreement (*see* ¶ E, *supra*).

9.    The Producing Party may designate a Document containing Confidential Discovery Material by stamping or otherwise clearly marking the Document "Confidential" in such a manner that will not interfere with legibility or audibility.

10.    To the extent that Confidential Discovery Material stored or recorded in the form of electronic or magnetic media (including, but not limited to: information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks, or tapes (collectively referred to as "Electronic Discovery Material")) is produced in such form, the Producing Party may designate the Electronic Discovery Material as "Confidential" by cover letter referring generally to the Electronic Discovery Material, or by designation in the accompanying load file, or by stamping or marking the production media containing the Documents as "Confidential." Whenever a party or other person receives Electronic Discovery Material subject to this Order and reduces the Electronic Discovery Material to hardcopy or image form, that party shall mark the hardcopy or image form with the appropriate confidentiality designation.

11.    All depositions or portions of depositions taken in this action that contain Confidential Discovery Material and/or Confidential Personal Information may be designated "Confidential" and thereby obtain the protections accorded under this Protective Order.  Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 30 days of receipt of the final transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" through the 30-day period following receipt of the transcript.  The deposition of any witness (or any portion of such deposition) that encompasses Confidential Discovery Material or Confidential Personal Information shall be taken only in the presence of persons who are bound or have agreed to be bound by this Order and who have executed the attached Acknowledgement of Stipulated Protective Order.

12.    Documents produced by a third party shall be treated as Confidential Discovery Material and/or Confidential Personal Information for thirty (30) calendar days after production.  During this period any party may designate such

1  Documents as Confidential pursuant to the terms of this Order.   Any party
2  designating third party information as "Confidential" shall have the same rights as
3  a Producing Party under this Order with respect to such information.

4        13.   Confidential Discovery Material and/or Confidential Personal
5  Information includes information that would identify patients and/or persons
6  associated with reporting adverse events involving human drugs (excluding
7  Plaintiff(s)), and research subjects.  See 21 C.F.R. §§ 20.63, 20.113, 45 C.F.R. §§
8  160, 164.   Defendants shall not be compelled to disclose this identifying
9  information and a defendant may redact this identifying information from
10  discovery material before production, provided, however, that such defendant shall
11  maintain an un-redacted copy of such discovery material for any further review by
12  the Court.

13        14.   Pursuant to 45 C.F.R. § 164.512 (e)(1)(v), the parties may exchange
14  and use for lawful purposes, including motions and trial, Documents containing
15  Confidential Discovery Material and/or Confidential Personal Information on the
16  following conditions: (1) that the parties are strictly prohibited from using or
17  disclosing the records for any purpose other than the Litigation; and (2) at the
18  conclusion of the Litigation, or upon the expiration of the period during which an
19  appeal may be sought, whichever comes later, each party will return the records
20  received from the other or destroy the records received from the other, including
21  any and all copies in their possession, and certify its compliance with this
22  paragraph.   Information disclosing the identity of any patients and/or voluntary
23  reporters that are not redacted pursuant to Paragraph 13 shall be treated as
24  Confidential Discovery Material and/or Confidential Personal Information,
25  regardless of whether the Document containing such names is designated as
26  Confidential Discovery Material or Confidential Personal Information.  The
27  person(s) identified in such records shall not be contacted, either directly or

28

1  indirectly, based on information so disclosed without the express written
2  permission of the Producing Party, or by order of Court.

3      15.   Any Document produced by a party in discovery that (1) originates
4  from a foreign jurisdiction outside the United States and is subject to the protection
5  of foreign privacy and data protection laws, and (2) contains information about or
6  pertaining to a specific individual that can be linked to that individual, may be
7  designated as "Personal Information" by the Producing Party. The Producing Party
8  shall effectuate the designation by stamping or otherwise clearly marking the
9  Document "Personal Information" in such a manner that will not interfere with
10 legibility or audibility.

11     16.   Any Document produced by a party that originates from a foreign
12 jurisdiction outside the United States that (1) is subject to the protection of foreign
13 privacy and data protection laws, and (2) which the Producing Party reasonably
14 believes in good faith to contain information about or pertaining to a specific
15 individual that can be linked to that individual and that reveals race, ethnic origin,
16 sexual orientation, political opinions, religious or philosophical beliefs, trade union
17 or political party membership or that concerns an individual's health, may be
18 designated as "Sensitive Personal Information-Attorneys Eyes Only" by the
19 Producing Party. The Producing Party shall effectuate the designation by stamping
20 or otherwise clearly marking the Document "Sensitive Personal Information-
21 Attorneys Eyes Only" in such a manner that will not interfere with legibility or
22 audibility.

23     17.   To the extent that Confidential Personal Information is stored or
24 recorded on Electronic Discovery Material, and is produced in such form, the
25 Producing Party may designate the Electronic Discovery Material as "Personal
26 Information" or "Sensitive Personal Information-Attorney Eyes Only" by cover
27 letter referring generally to the Electronic Discovery Material, or by designation in
28 the accompanying load file, or by stamping or marking the production media

containing the Documents as "Personal Information" or "Sensitive Personal Information-Attorney Eyes Only." Whenever a party or other person receives Electronic Discovery Material subject to this Order and reduces the Electronic Discovery Material to hardcopy or image form, that party shall mark the hardcopy or image form with the appropriate Confidential Personal Information designation.

18. If at any time a party realizes that previously undesignated Documents should be designated as Confidential Discovery Material and/or Confidential Personal Information, the party may so designate by advising all other parties in writing. The designated Documents will thereafter be treated as Confidential Discovery Material and/or Confidential Personal Information pursuant to this Protective Order. Upon receipt of such designation in writing, each party shall take reasonable and appropriate action to notify any and all persons to whom the party provided the Documents of the protected status of the newly designated Confidential Discovery Material and/or Confidential Personal Information, and to retrieve same from any person to whom the party has provided it who is not permitted by this Protective Order to be in possession of such information.

19. The terms of this Order shall in no way affect the right of any person (a) to withhold or redact information on the alleged grounds of immunity from discovery such as, for example, attorney-client privilege, work product or privacy rights of such third parties as patients, physicians, clinical investigators, employees or reporters of claimed adverse reactions, in accordance with domestic or foreign data protection and privacy laws; (b) to withhold or redact those portions of documents that contain information relating to products not relevant to the Litigation; or (c) to withhold or redact information on alleged grounds that such information is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

20. To facilitate and expedite discovery, the Defendants may, at their option, produce Documents containing commercially sensitive and proprietary

14

information regarding products not relevant to the Litigation ("Other Drug Information") without redacting such information.

        a.     The Receiving Party and any other person who receives Documents through the Receiving Party will only use Documents containing Other Drug Information for the information contained therein relating to the products at issue in the Litigation, and will use such Documents and information for the sole purpose of the Litigation.

        b.     The Receiving Party or any other person who receives Documents through the Receiving Party will not use Documents containing Other Drug Information, or any information derived therefrom, for any purpose following the conclusion of the Litigation.

        c.     At any point during the pendency of the Litigation, the Producing Party Defendant may at its option redact Other Drug Information or clawback a Document containing Other Drug Information that has been produced and substitute a redacted version of the Document.

        d.     If the Producing Party Defendant desires to clawback a Document containing Other Drug Information, they will provide notice to the Receiving Party identifying the Document being clawed back and will also provide a new version of the Document in which the commercially sensitive or proprietary Other Drug Information has been redacted.  Upon receipt of the new redacted version of the Document, the Receiving Party (i) will return or destroy the previous version of the Document; (ii) will not use the previous version for any purpose, and (iii) will ensure it retrieves any and all copies of the Document from any person who received Documents through the Receiving Party.

    21.     Inadvertent production or other disclosure of Documents subject to work-product immunity, the attorney-client privilege, joint defense privilege, or other legal privilege that protects information from discovery shall not constitute a

waiver of the immunity, privilege, or other protection, provided that the Producing Party notifies the Receiving Party in writing when it becomes aware of such inadvertent production. Upon notification, the Receiving Party shall immediately return, sequester or destroy the inadvertently-produced Document and all copies as well as notes and work product reflecting the contents of such materials. The Producing Party shall immediately update its privilege log to include the inadvertently produced Document(s), and will produce a replacement production for the clawed back Document(s) as well as updated privilege log information for the Document(s) within seven (7) days of the date they notified the Receiving Party of the inadvertent Production. If only a portion of the Document is privileged, the Producing Party shall provide a new version of the Document in which the privileged information has been redacted. No further use or disclosure shall be made of the inadvertently-produced Document(s), and the Receiving Party shall take all reasonable and appropriate steps to retrieve the Document(s), and all copies, from any person who has received Documents through the Receiving Party, until the claim, if any, is resolved. Any party who objects to the Producing Party's claim of privilege shall serve upon counsel for interested parties a written notice stating with particularity all good faith litigation driven reasons for the objection. The parties shall make good faith efforts to resolve any dispute with opposing counsel, including meeting and conferring with counsel for the Producing Party, regarding the designation of any inadvertently produced Document(s). If agreement cannot be reached, the dispute will be submitted to the Court in accordance with Central District Local Rule 37. Upon agreement of the parties or order of the Court that the Documents are in fact protected, the Receiving and/or challenging party shall immediately return or destroy the inadvertently produced Documents, any copies from any litigation support or other database, and any notes or work product reflecting the contents of such materials. The parties shall have the benefit of all limitations on waiver afforded by the Federal Rules of Civil

1   Procedure and Federal Rules of Evidence 501 and 502. Failure to assert privilege
2   in the Litigation as to one Document shall not be deemed to constitute a waiver of
3   the privilege of any other Document allegedly so protected, even involving the
4   same subject matter. Any inadvertent disclosure of privileged information shall
5   not operate as a waiver in any other federal or state proceeding, and the parties'
6   agreement regarding the effect of inadvertent disclosure of privileged information
7   shall be binding on non-parties.

8      22.   Except for Documents designated as "Sensitive Personal Information-
9   Attorneys Eyes Only" for which disclosure is governed by Paragraph 23 and as
10  otherwise expressly provided by this Order,  Confidential Discovery Material
11  and/or "Confidential Personal Information" (including Documents designated as
12  "Personal Information") shall not be disclosed to any person, except as follows:

13        a.   Counsel of record for the parties in the Litigation, including any
14     paralegal, clerical, and  other staff employed by counsel for work on the
15     Litigation;

16        b.   Where produced by a plaintiff, in addition to the persons
17     described in subsection (a) of this section, Defendants' in-house counsel,
18     paralegals and outside counsel, including any attorneys employed by or
19     retained by Defendants' outside counsel who are assisting in connection
20     with this Litigation, and the paralegal, clerical, and other staff employed or
21     retained by Defendants' outside counsel;

22        c.   Employees of the parties' outside counsel or third-party
23     vendors involved solely in one or more aspects of reviewing, organizing,
24     filing, coding, converting, storing or retrieving Documents or designating
25     programs for handling Documents connected with the Litigation, including
26     the performance of such duties in relation to a computerized litigation
27     support system;

28

17

d.     With respect to a specific Document, the Document's author, addressees, and any other person shown on the face of the Document to have received a copy;

e.     Any witness, who counsel for a party in good faith believes may be called to testify at trial or deposition in the Litigation, provided such person has first executed the Acknowledgement of Stipulated Protective Order; however, if the witness is currently an employee, officer, director, contractor, subcontractor or consultant of an entity that is presently engaged or is planning to be engaged in the research, development, distribution, manufacture or sale of any product that competes with or is or is in the same therapeutic class with any product researched, developed, manufactured or sold by the Producing Party, the party seeking the testimony must first comply with Paragraph 25 below, and receive written consent of counsel for the Producing Party, or obtain an order from the Court permitting the disclosure to said witness;

f.     Outside consultants, outside experts, or other persons providing advice to counsel (including mock juries), who have been retained for the purpose of assisting counsel in the Litigation, provided such persons have first executed the attached Acknowledgement of Stipulated Protective Order;

g.     Insurers and indemnitors to the extent reasonably necessary to defend and evaluate the claims;

h.     Plaintiffs' counsel of record in any action transferred to the MDL, provided that a Protective Order with similar confidentiality protections has been entered in each case and signed by plaintiffs' counsel to whom disclosure is sought;

i.     Official court reporters; and

j.     The Court, agreed mediators, and their support personnel.

1      23.    Documents designated as "Sensitive Personal Information-Attorneys
2  Eyes Only" may only be disclosed to:

3        a.    Outside counsel for the parties to the Litigation, which includes
4  undersigned Plaintiffs' counsel, who are actively engaged in the lawsuit
5  including any paralegal, clerical, and other staff employed by outside
6  counsel for work on the Litigation;

7        b.    Where produced by a plaintiff, Defendants' in-house counsel
8  and paralegals;

9        c.    A witness at any deposition in the Litigation who is an
10  employee of the Producing Party or who authored or was copied on the
11  Document;

12        d.    Outside consultants, outside experts, or other persons providing
13  advice to counsel (including mock juries), who have been retained for the
14  purpose of assisting counsel in the Litigation, provided such person has first
15  executed the Acknowledgement of Stipulated Protective Order;

16        e.    Official court reporters;

17        f.    The Court, agreed mediators, and their support personnel; and

18        g.    Plaintiffs' counsel of record in any action transferred to the
19  MDL, provided that a Protective Order with similar confidentiality
20  protections has been entered in each case and signed by plaintiffs' counsel to
21  whom disclosure is sought.

22      24.    Prior to any disclosure of Confidential Discovery Material or
23  Confidential Personal Information, to any person referred to in subparagraphs (b),
24  (e) or (f) of Paragraph 22 or subparagraph (d) of Paragraph 23 above, the person
25  shall be provided by counsel with a copy of this Protective Order and shall sign the
26  Acknowledgement of Stipulated Protective Order attached as Exhibit 1 hereto.
27  The Acknowledgement states that the person agrees to be bound by the terms of
28  the Protective Order. All Acknowledgements will be maintained throughout the

1   Litigation by the attorneys obtaining them.  At the conclusion of the Litigation,
2   upon a showing of good cause and necessity, any party may seek an order
3   requiring production of the Acknowledgements, but nothing in this Protective
4   Order is intended to modify or shift any burden of proof or privilege relating to the
5   motion or authorize discovery of experts or their identities.

6        25.    Except as set forth in this paragraph, Confidential Discovery Material
7   and Confidential Personal Information produced by the Defendants may not be
8   provided or disclosed to anyone who is currently an employee, officer, director,
9   contractor, subcontractor or consultant of an entity that is presently engaged or is
10  planning to engage in the research, development, distribution, manufacture or sale
11  of any product that competes with or is in the same therapeutic class with any
12  product researched, developed, manufactured or sold by the Producing Party unless
13  the party seeking to provide or disclose such information to such persons obtains
14  the express written consent of counsel for the Producing Party or obtains an order
15  from the Court permitting the disclosure.  Any party may object to compliance
16  with this provision in writing, stating the grounds and serving a copy of such
17  objection on all parties. The parties will meet and confer in good faith to resolve
18  the objection if possible in accordance with Local Rule 37-1. If the objection
19  cannot be resolved, the dispute shall be submitted to the Court pursuant to Local
20  Rule 37-2 for a ruling on the issue before disclosure of information to any person
21  who falls within the provisions of this paragraph.

22       26.    Nothing in this Order shall be deemed to preclude the Defendants
23  from disclosing to the Food and Drug Administration, or any other regulatory
24  authority, Confidential Discovery Material or information gleaned from
25  Confidential Discovery Material, as may be required by statute or regulation.

26       27.    Any party objecting to any designation of a Document as Confidential
27  Discovery Material and/or Confidential Personal Information, may at any time
28  prior to the close of discovery in this action serve upon counsel for interested

1    parties a written notice stating with particularity all good faith litigation driven

2    reasons for the objection. The parties shall make good faith efforts to resolve any

3    dispute with opposing counsel, including meeting and conferring with counsel for

4    the Producing Party regarding the designation of individual Documents pursuant to

5    Local Rule 37-1. If agreement cannot be reached, the dispute will be submitted to

6    the Court in accordance with Local Rule 37-1 and 37-2, and the party seeking to

7    challenge the designation shall bear the burden of demonstrating that the challenge

8    is made in good faith and is litigation driven. Pending resolution of the dispute by

9    the Court, the material designated as Confidential Discovery Material and/or

10    Confidential Personal Information  shall remain so designated pursuant to this

11    Protective Order.

12         28.    If another court or an administrative agency subpoenas or otherwise

13    orders production of Confidential Discovery Material and/or Confidential Personal

14    Information, which any party or other person has obtained under the terms of this

15    Order, the party or other person to whom the subpoena or other process is directed

16    shall immediately notify the Producing Party in writing of the following: (1) the

17    Confidential Discovery Material and/or Confidential Personal Information that are

18    requested for production in the subpoena; (2) the date on which compliance with

19    the subpoena is requested; (3) the location at which compliance with the subpoena

20    is requested; (4) the identity of the party serving the subpoena and all available

21    contact information for the serving party's counsel; and (5) the case name,

22    jurisdiction and index, docket, complaint, charge, civil action or other

23    identification number, or other designation identifying the litigation, administrative

24    proceeding or other proceeding in which the subpoena or other process has been

25    issued. The subpoenaed party or person shall not produce Confidential Discovery

26    Material or Confidential Personal Information prior to providing the Producing

27    Party written notice of the request and confirming receipt of same, at which time

28    the Producing Party bears the burden (and all costs) of opposing the subpoena or

1   other notice as it deems appropriate. The party receiving the subpoena or other
2   notice shall cooperate with the Producing Party in any proceeding relating thereto.
3   Nothing in this Order shall be construed as authorizing a party to disobey a lawful
4   subpoena issued in another action.

5       29.    Documents that have been designated as Confidential Discovery
6   Material and/or Confidential Personal Information pursuant to the provisions of
7   this Order and that are to be filed with the Court shall be accompanied by an
8   application pursuant to Local Rule 79-5.1.  Portions of any pleading, declaration,
9   or other material submitted to the Court that quotes, incorporates, reflects or
10   otherwise includes, in whole or in part Confidential Discovery Material and/or
11   Confidential Personal Information shall also be accompanied by an application
12   pursuant to Local Rule 79-5.1.  The application shall be directed to the judge to
13   whom the papers are directed.  Pending the ruling on the application, the papers or
14   portions thereof subject to the sealing application shall be lodged under seal,

15       30.    The provisions of this Order shall not terminate at the conclusion of
16   this action.  Except as otherwise expressly provided in this Order, within thirty (30)
17   days after final conclusion of the last case in the Litigation, or such other time as
18   the Producing Party may agree in writing, counsel shall, at their option, return or
19   destroy all Documents (including without limitation any and all Electronic
20   Discovery Material) designated as containing Confidential Discovery Material
21   and/or Confidential Personal Information, and all copies thereof.  If counsel elects
22   to destroy Confidential Discovery Material and/or Confidential Personal
23   Information, they shall consult with counsel for the Producing Party on the manner
24   of destruction and obtain such Party's consent as to the method and means of
25   destruction.  Each party shall certify, in writing, as to such return or destruction of
26   the Confidential Discovery Material and/or Confidential Personal Information
27   within the 30-day period.  The parties shall petition the Court to order the Clerk to
28   return any Confidential Discovery Material and/or Confidential Personal

Information filed under seal. Outside counsel, however, shall not be required to return or destroy any pretrial or trial records that are regularly maintained by that counsel in the ordinary course of business; which records will continue to be maintained as Confidential Discovery Material and/or Confidential Personal Information in conformity with this Order, and which include: privileged communications, work product, signed copies of the Acknowledgement of Stipulated Protective Order, and all court-filed documents even though they contain Confidential Discovery Material and/or Confidential Personal Information, but such Documents shall remain subject to the terms of this Protective Order.

31.     The Court shall retain jurisdiction over all persons and parties subject to this Protective Order to the extent necessary to modify this Protective Order, enforce its obligations, or to impose sanctions for any violation.

32.     Nothing in this Protective Order shall prevent any party from seeking further or additional protection for, or removing protection from, Confidential Discovery Material and/or Confidential Personal Information, even if the terms are contrary to this agreed Order.

33.     Additional parties may be added to the Litigation as allowed under the applicable Rules of Civil Procedure. Before receiving Confidential Discovery Material or Confidential Personal Information, a new party to the Litigation and its counsel must agree to be bound by the terms of this Protective Order as if the party had stipulated to it at the time of entry, at which time the party shall be considered a "party" to this Protective Order. No newly-added party to the Litigation or its counsel shall have access to Confidential Discovery Material or Confidential Personal Information until the newly-added party to the Litigation, its counsel are subject to the terms of this Protective Order.

34.     This Protective Order shall not apply to, or restrict, Confidential Discovery Material or Confidential Personal Information used at the time of trial as evidence. Protection of Confidential Discovery Material and/or Confidential

23

1  Personal Information at trial may be addressed by the Court as a separate matter
2  upon the motion of any party.  The provisions of this Protective Order shall not
3  prejudice the rights of the parties with respect to the use or protection of
4  Confidential Discovery Material or Confidential Personal Information at trial.

5      35.   Nothing in this Protective Order shall preclude a party from using or
6  disclosing its own Confidential Discovery Material or Confidential Personal
7  Information in any manner it sees fit, without the prior consent of any other party
8  and without waiving its confidentiality status under this Protective Order.

9      36.   Each person who has access to Confidential Discovery Material
10  and/or Confidential Personal Information shall take all due precautions to prevent
11  the unauthorized or inadvertent disclosure of the material.

12      37.   A party who learns of an unauthorized disclosure of Confidential
13  Discovery Material and/or Confidential Personal Information by it or by any
14  person to whom the party has disclosed such information pursuant to this
15  Protective Order shall immediately (a) issue written notice of the unauthorized
16  disclosure to the Producing Party; (b) use best efforts to retrieve all copies of the
17  Confidential Discovery Material and/or Confidential Personal Information subject
18  to unauthorized disclosure; (c) inform all persons to whom unauthorized disclosure
19  was made of the terms of this Protective Order; and (d) use best efforts to secure an
20  Acknowledgement of Stipulated Protective Order from all persons to whom the
21  unauthorized disclosure was made.

22      38.   This Protective Order may be modified by the Court upon motion
23  filed pursuant to Central District Local Rule 37 or by stipulation of the parties
24  approved by further order of the Court .

25
26  Dated:  4/15/13                    _____
27                                     Suzanne H. Segal
28                                     United States Chief Magistrate Judge

24

Distribution:

All Counsel of Record

**EXHIBIT 1**

ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER

I, _____, acknowledge that I have received and understand the Stipulated Protective Order ("Protective Order") in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential ("Confidential Discovery Material"), and/or as Personal Information or Sensitive Personal Information ("Confidential Personal Information") or contain individually identifiable health information. I agree that I will not disclose such Confidential Discovery Material or Confidential Personal Information to anyone other than for purposes of the Litigation and that at the conclusion of the Litigation I will return all such Confidential Discovery Material and Confidential Personal Information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the State of California for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated this _____ day of _____, _____.

_____